MATTER OF CALKA

Application for Admission as Permanent Resident Under Section
203(g) of the Immigration and Nationality Act

A-22264130

*Decided by Regional Commissioner December 6, 1979*

(1) Applicant, a 25-year-old unmarried native and citizen of Poland was first admitted
into the United States as a nonimmigrant visitor on July 5, 1976. On September 19,
1978, he was granted political asylum in the United States and the privilege of
departing voluntarily by September 19, 1979. After two years and four months
physical presence in the United States, he was issued a Refugee Travel Document on
November 30, 1978, and was paroled as a refugee upon his return from Canada on
December 23, 1978. On January 16, 1979, he requested permanent resident status under
section 5 of the Act of October 5, 1978, Pub. L. 95-412, effected in accordance with
section 203(g) of the Immigration and Nationality Act, 8 U.S.C. 1153(g).

(2) Though section 203(g) is not specific as to whether its two year residence require-
ment applies only to residence as a refugee, the legislative history of Pub. L. 95-412
reveals that its benefits are intended only for aliens who have been paroled as refugees
and who have been in the United States for at least two years as refugees.

(3) Where the record indicated that the applicant had not been in the United States for
two years after his parole as a refugee, the applicant was not eligible for admission as
a permanent resident under Pub. L. 95-412 and section 203(g) of the Immigration and
Nationality Act, 8 U.S.C. 1153(g), as amended.

ON BEHALF OF PETITIONER:   Melvyn E. Stein, Esquire
                           One North LaSalle Street
                           Chicago, Illinois 60602

This matter is before me on certification by the District Director
who on September 4, 1979, rejected the request for permanent resident
status under Pub. L. 95-412 which is effected in accordance with section
203(g) of the Immigration and Nationality Act, 8 U.S.C. 1153(g), as
amended. The decision will be affirmed.

The applicant is a 25-year-old unmarried native and citizen of Po-
land. He was first admitted to the United States on July 5, 1976, as a
nonimmigrant visitor. On September 19, 1978, he was granted political
asylum in the United States and granted the privilege of departing
from the United States voluntarily by September 19, 1979. The appli-

cant was issued a Refugee Travel Document on November 30, 1978. Upon his return from Canada on December 23, 1978, he was "paroled as a refugee." On January 16, 1979, he submitted application Form I-485 to request permanent resident status under section 5 of the Act of October 5, 1978, Pub. L. 95-412.

The District Director rejected the application for several reasons. One reason was that the applicant had not been in the United States for two years after his parole as a refugee as required by sections 203(g) and (h). The other reasons mentioned by the District Director as a basis for rejecting this application have no bearing on the benefit that the applicant is seeking.

On appeal, the applicant, through counsel, maintains that section 203(g) does not specifically require that the requisite two year presence be *after* the entry as a refugee. He contends that he has been in the United States since July 1976, and should be entitled to the benefits of Pub. L. 95-412 notwithstanding that his "parole as a refugee" was only effected in December 1978.

I have determined that the applicant is not eligible for this benefit because he has not been in the United States for two years since his parole as a refugee. I reached this conclusion after careful examination of Pub. L. 95-412 and its legislative history, section 203(g) and (h) of the Act, and the implementing Operations Instructions at O.I. 235.12. Throughout, it is stated that the purpose of this legislation was to afford paroled refugees the same treatment under the law as conditional entrants receive, *especially* to avail them of the provision which allows their permanent residence, once granted, to be rolled back to the date of their entry as refugees. In view of this, I am confident that the benefits of section 5 of Pub. L. 95-412 are meant to apply to aliens who have been paroled as refugees *and* who have been in the United States for at least two years *as refugees*, notwithstanding that section 203(g) of the Act is not totally specific as to *that* requirement. For this reason, the request for this benefit, which is properly an application for admission to the United States and not an adjustment of status, cannot be granted at this time.

The District Director has asked me to comment on another aspect of this case. He questions whether a citizen of an Eastern Hemisphere country which is communist-dominated, such as Poland, who would be able to seek permanent residence as a refugee under section 203(a)(7) of the Act, is also permitted to avail himself of the provisions of this new law, Pub. L. 95-412, and seek permanent residence in accordance with sections 203(g) and (h) of the Act. The answer is affirmative. Section 5 of Pub. L. 95-412 is available to every alien who has been paroled as a refugee and has been in the United States for two years since that parole unless the alien is eligible for a "rollback", or retroac-

tive type of permanent resident admission or adjustment under some other law. Therefore, the only aliens paroled as refugees not eligible for Pub. L. 95-412 benefit would be conditional entrants, parolees from Cuba falling under the Act of November 2, 1966, Pub. L. 89-732, and refugees from Vietnam, Cambodia, or Laos falling under the Act of October 28, 1977, Pub. L. 95-145. To view all others as eligible for Pub. L. 95-412 consideration does not subvert the legislative intent of this law because it was designed as a catch-all provision to operate until October 1980, to accommodate all aliens who have been paroled as refugees for at least two years without regard to the limitations of seventh-preference quota number availability. Along the same line of reasoning, it is of no consequence that if an alien, such as this applicant, were to apply for adjustment of status under section 245 of the Act based on refugee classification provided by section 203(a)(7), he might be found ineligible under section 245(c) as one who had worked without Service authorization. This same alien may seek permanent residence under Pub. L. 95-412 without regard to this period of unauthorized employment, because the status is accorded through the operation of section 203(g), not section 245; and because Pub. L. 95-412 states that its provisions apply to aliens who meet certain criteria, "notwithstanding any other provision of law." It cannot be inferred that section 5 of Pub. L. 95-412 should not be available to those aliens just because they are also eligible to file under section 245, but who have chosen not to, because they realize such application would fail. To follow this inference and say that should be refused any Pub. L. 95-412 consideration due to previous unauthorized employment would be to read something into section 5 of Pub. L. 95-412 and into section 203(g) of the Act which is not there.

In conclusion, a request for benefits under Pub. L. 95-412 is properly an application for admission to the United States and is effected by an inspection not by an adjustment of status. I find that this applicant is not entitled to any benefits under Pub. L. 95-412 at this time because he has not been in the United States for two years since his parole as a refugee.

ORDER: The alien's request for admission to the United States as a lawful permanent resident under section 5 of Pub. L. 95-412 shall not be entertained at this time because he is statutorily ineligible to seek the benefit.